IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| RONALD J. WARD, | ) | Cause No. CV 06-67-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| MONTANA STATE PRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

On December 29, 2006, Plaintiff Ronald J. Ward moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted on February 26, 2007. (Document 6). The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On June 4, 2007, the Court conducted an initial prescreening of Plaintiff's Complaint, identified several deficiencies in the Complaint, and provided Plaintiff an opportunity to file an amended complaint. (Document 8). On June 25, 2007, Plaintiff filed an Amended Complaint. (Document 9). The Court will now complete the prescreening process pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**PARTIES**

Plaintiff is a state prisoner proceeding pro se. He is incarcerated at the Montana State Prison in Deer Lodge, Montana.

In his Amended Complaint, Plaintiff names the following Defendants: Montana State

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

Prison, Montana Department of Corrections, Sgt. William Beehler, and Correctional Officers Stan Glovin, J.T. Guidon, Ryan Durkin, Myron Sorrenson and Chuck May.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's Amended Complaint contains what the Court has construed as three separate claims.  First, Plaintiff contends that on October 27, 2006, Defendants Guindon, Beehler, May and Sorenson knowingly and purposely failed to secure inmates and incited inmates with verbal taunting thus creating a situation that put Plaintiff at reasonable risk of harm.

Secondly, he alleges that Defendant Glovin used excessive force on Plaintiff causing physical injuries.  Plaintiff alleges that Defendant Glovin slammed the barrel of his shotgun in Plaintiff's forehead, threatened to kill him and kicked Plaintiff when he was down on the ground. (Document 9, p. 6 at ¶ ¶ 1, 2).  He alleges that he received numerous bumps, scrapes and bruises by the malicious handling of Defendant Glovin.

Third, Plaintiff alleges that IPS slammed him to the ground, that he was put in the hole with a vest, no socks, no underwear and no blanket for three days, and that he was denied drinking water and not allowed to flush the toilet for three days.  He contends that he was left only with meals and three cups of coffee for three days.  After three days he was given a space blanket and vest for the next two days.  He states that he laid on the concrete for five days before being given socks and underwear and scrubs and was in the hole for seven days before being given a mattress and pillow.

## ANALYSIS

**A.  Claims/Defendants not addressed from original complaint**

Plaintiff named the following defendants in his original Complaint but not in the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

Amended Complaint:  Warden Mahoney, Myron Beeson, Security Major Woods, Sgt. Clark, Officer Ericson, Officer Longe, John Does, IPS Team Members, SRT Team Members, Montana State Prison Contract Medical Provider, Dr. Rantz, Lt. McNeil, and Lt. Garrison. (Document 1, pp. 6-7).

In the Court's prior Order, Plaintiff was specifically advised that he had to allege specific facts showing what each person did or did not do to cause a violation of his civil rights. (Document 8, p. 3).  He was also advised that "the amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint."  (Document 8, p. 4).  As he failed to detail what actions or inactions the defendants listed above took to allegedly violate his constitutional rights, those defendants will be recommended for dismissal.

**B. Department of Corrections and Montana State Prison**

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI; *see also* *Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356 (1974)*.  The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)*.  The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Hence Plaintiff's claims for damages against the Department of Corrections and the Montana State Prison (to the extent it is an entity capable of being sued) as agencies of the State of Montana are

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

not cognizable in federal court. Thus, Plaintiff's federal constitutional claims against the Montana Department of Corrections and the Montana State Prison to the extent that they seek monetary damages will be recommended for dismissal.

However, "a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity." *Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007)(citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.#d 1032, 1036 (9th Cir. 1999)). The Prison Litigation Reform Act limited the injunctive relief that may be granted in prisoner civil rights cases as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A); see also *Clement v. California Dept. Of Corrections*, 364 F.3d 1148 (9th Cir. 2004); *Armstrong v. Davis,* 275 F.3d 849, 870 (9th Cir. 2001) (noting that in *Lewis v. Casey,* 518 U.S. 343, 359, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court reiterated "the longstanding maxim that injunctive relief against a state agency or official must be no broader than necessary to remedy the constitutional violation").

In his Amended Complaint, Plaintiff seeks "injunctions for actions of prison policy, and guards actions." (Document 9, 11). However, the violations alleged in his Complaint involve an incident of excessive use of force on October 27, 2006. Thus, Plaintiff is not requesting prospective injunctive relief. He makes no allegation that excessive force has been utilized upon him since that date. The law is clear that "the Eleventh Amendment allows only prospective

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

injunctive relief to prevent an ongoing violation of federal law." *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 840 (9th Cir. 1997).

The injunctions requested by Plaintiff appear only to relate to past violations of federal law. Therefore, Plaintiff has not requested prospective injunctive relief which is not barred by the Eleventh Amendment and all claims against the Montana Department of Corrections and the Montana State Prison should be dismissed.

**C. Placing Plaintiff at risk of harm**

In his first claim, Plaintiff alleges that "Defendants acted in a deliberate malicious manner by failing to abide in prison policy and dereliction of duties and created a situation that caused Plaintiff to be placed in substantial risk of safety and fear of his safety of his welfare and his life." (Document 9, p. 4).

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976 (1994)(internal citations omitted). However, Plaintiff has not alleged that he was injured by other prisoners. His allegations are that he was injured by a prison guard.

To prevail and recover damages on an Eighth Amendment deliberate indifference claim, Plaintiff must "prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

However, a defendant's actions are not the proximate cause of a plaintiff's alleged

injuries if another cause intervenes and supersedes his liability for the subsequent events. *White v. Roper,* 901 F.2d 1501, 1506 (9th Cir. 1990). Whether such conduct supercedes liability, depends on whether it was "reasonably foreseeable." *Id*. Plaintiff's theory is that Defendants Beehler, Guindon, Durkin, Sorenson and May knowingly and purposely failed to perform sworn duties by refusing to secure inmates therefore creating a security risk and causing Plaintiff to be placed in danger. However, Plaintiff's injuries were allegedly caused by the intentional use of excessive force by a prison guard. Such conduct is not reasonably foreseeable and is simply too attenuated to establish liability. Therefore, this claim should be dismissed.

**D. Excessive Use of Force**

Plaintiff alleges that Defendant Glovin used excessive force on Plaintiff when he slammed the barrel of his shotgun in Plaintiff's forehead, threatened to kill him and kicked Plaintiff when he was down on the ground causing numerous bumps, scrapes and bruises. (Document 9, p. 6 at ¶ ¶ 1, 2). This allegation is sufficient to state a claim. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)(prison officials use excessive force in violation of the Eighth Amendment when they act maliciously for the purpose of causing harm whether or not significant injury is evident). By separate Order the Court will direct this claim served upon Defendant Glovin.

**E. Conditions of Confinement**

Finally, Plaintiff complains about the conditions of confinement when he was held in maximum security after the October 26, 2006 incident. Specifically he alleges that IPS slammed him to the ground, that he was put in the hole with a vest, no socks, no underwear and no blanket for three days, and that he was denied drinking water and not allowed to flush the toilet for three

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

days.  He contends that he was left only with meals and three cups of coffee for three days.  After three days he was given a space blanket and vest for the next two days.  He states that he laid on the concrete for five days before being given socks and underwear and scrubs and was in the hole for seven days before being given a mattress and pillow.

The Eighth Amendment's prohibits cruel and unusual punishment against incarcerated inmates, therefore, prison officials have a duty to ensure that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982). In order to state an Eighth Amendment claim, a plaintiff must allege facts "that would suggest he was subjected to inhumane conditions of confinement that imposed an excessive risk to his health or safety."  *Hearns v. Terhune,* 413 F.3d 1036, 1042 (9th Cir. 2005; *see also Farmer*, 511 U.S. at 837 ("a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.").  "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

This case bears some similarities to the *Hearns* case in that both cases involve allegations of lack of water and toilets which do not flush.  The Ninth Circuit held in *Hearns* that the duration of time that Hearns was subjected to these conditions (nine months) and the fact that Hearns had alleged "health harzards" and "serious health concerns" was sufficient to state a claim for purposes of a Rule 12 (b)(6) motion.

In contrast, Plaintiff herein alleges that he was denied socks, underwear, a blanket,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

drinking water and a flushable toilet for only three days.  He also admits that he received meals and coffee during these three days.  Although he alleges the denial of a mattress and a pillow, that denial lasted at the most seven days.

Plaintiff was advised by the Court's prior Order that his claim that he was placed in isolation for three days with only a vest to wear was deficient because he had not alleged that such treatment caused him any harm or unbearable discomfort or amounted to a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Plaintiff, despite being given the opportunity to do so, failed to allege that these conditions put his health and/or safety at risk.

Given the circumstances surrounding this incident (following a disciplinary incident in the Close III unit) and the short duration of the conditions (three to seven days) the Court should find that Plaintiff has failed to state a claim for denial of humane conditions of confinement.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The following Defendants:  Warden Mahoney, Myron Beeson, Security Major Woods, Sgt. Clark, Officer Ericson, Officer Longe, John Does, IPS Team Members, SRT Team Members, Montana State Prison Contract Medical Provider, Dr. Rantz, Lt. McNeil, and Lt. Garrison. (Document 1, pp. 2 and 7) should be **DISMISSED WITHOUT PREJUDICE** under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

2.  Plaintiff's first claim that Defendants Guindon, Beehler, May, Durkin and Sorenson knowingly and purposely put him at risk should be **DISMISSED WITH PREJUDICE.**

3.  Plaintiff's third claim regarding his conditions of confinement should be **DISMISSED**

WITH PREJUDICE.

4. Defendants the Montana Department of Correction, the Montana State Prison, and correctional officers Guindon, Bechler, May, Durkin and Sorenson should be **DISMISSED WITH PREJUDICE.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS. A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 31st day of January, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge