**FILED**

FEB 28 2008

PATRICK E. DUFFY, CLERK
By_____
　　DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RONALD J. WARD, | ) | CV 06-67-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MONTANA STATE PRISON, et al., | ) | |
| Defendants. | ) | |

　　Plaintiff Ward has filed an Amended Complaint under 42 U.S.C. § 1983 alleging various tort claims and violations of his constitutional rights stemming from his treatment by guards at the Montana State Prison. He was instructed by Order dated June 4, 2007 to file an Amended Complaint in which he sets forth the factual basis for each of his claims. Ward alleges that guards used excessive force against him and denied him basic necessities during several days of solitary confinement, and that guards left other inmates unsecured, purposely placing Ward at risk. Some of the claims alleged in the Complaint were not included in the

Amended Complaint.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in this matter on January 31, 2008. Judge Strong recommends dismissal of the claims against the Department of Corrections and the Montana State Prison because Ward has not pled a valid exception to Eleventh Amendment immunity. He recommends dismissal without prejudice of the claims Ward abandoned in his Amended Complaint, pursuant to Fed. R. Civ. P. 41(a)(2). With respect to Ward's claim that the guards left other inmates unsecured in order to endanger Ward, Judge Strong recommends dismissal on the ground that Ward failed to allege that he suffered any injury at the hands of his fellow inmates. Judge Strong recommends that Ward's claim based on the conditions of his confinement be dismissed because Ward failed to allege facts showing that the conditions put his health or safety at risk. Finally, Judge Strong ordered that Ward's claim that guards used excessive force shall be served.

Plaintiff Ward did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1).

This Court reviews the Findings and Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's claims against Defendants Warden Mahoney, Myron Beeson, Security Major Woods, Sgt. Clark, Officer Ercson, Officer Longe, John Does, IPS Team Members, SRT Team Members, Montana State Prison Contract Medical Provider, Dr. Rantz, Lt. McNeil, and Lt. Garrison are DISMISSED WITHOUT PREJUDICE.

2. Plaintiffs' claim that Defendants Guindon, Beehler, May and Sorenson knowingly and purposely put him at risk is DISMISSED WITH PREJUDICE.

3. Plaintiff's claim regarding his conditions of confinement is DISMISSED WITH PREJUDICE.

4. Plaintiff's claims against Defendants Montana Department of Correction, Montana State Prison, and correctional officers Guindon, Beehler, May, Durkin and Sorenson are DISMISSED WITH PREJUDICE.

DATED this 28th day of February, 2008.

Donald W. Molloy, District Judge
United States District Court

-3-